IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01764-BNB

JASON ROBERT BARNER,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

## ORDER OF DISMISSAL

Applicant Jason Robert Barner is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Barner has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on September 23, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response (Response) limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On October 20, 2008, Respondent filed a Response. Mr. Barner filed a Reply prior to Respondent filing his Response. The Reply is a form pleading similar to what other inmates have submitted to the Court as a reply in their § 2241 action addressing the issue of exhaustion of

administrative remedies. Mr. Barner has not filed a Reply that specifically addresses the issues raised in the Response.

The Court must construe liberally the Application and Reply because Mr. Barner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Barner challenges the calculation of his federal sentence in this action. He contends that the BOP refuses to apply fifteen months and sixteen days of detention credit against the 100-month federal sentence that he is serving. Respondent argues that this action should be dismissed because Mr. Barner has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Barner. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Barner concedes in the Application that he did not exhaust his administrative remedies prior to filing the instant action. Mr. Barner, however, argues that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile. Mr. Barner specifically concludes, in the Application, that exhaustion would be futile because Respondent has determined that he is not entitled to the disputed detention credits and will not revisit that determination. Applicant further asserts, in the Reply, that he has submitted numerous administrative remedy requests in an attempt to resolve the dispute, but neither Respondent nor his agents will accept the requests. Furthermore, Applicant claims that the Sentence Computation Center in Grand Prairie, Texas, will not respond to Respondent's e-mails. Finally, Mr. Barner asserts, in the Reply, that he has lost the opportunity to participate in the substance

3

abuse treatment program and as a result is subjected to "over-incarceration" in violation of his Fifth Amendment rights. (Reply at 3.)

Mr. Barner is correct that the exhaustion requirement may be waived if exhaustion would be futile. See *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Barner has not demonstrated that his administrative remedy requests were ignored or that a proper attempt at exhausting his remedies would be futile.

According to the BOP records submitted by Respondent in support of his Response, Mr. Barner has filed only one administrative remedy request. (Resp. at Attach. 2.) The remedy request challenges the BOP's failure to apply credit to his sentence for the time he was detained prior to his conviction and sentence. (Resp. at Attach. 2.) Mr. Barner filed the remedy request on July 5, 2007, the warden denied the request on July 19, 2007, and Mr. Barner appealed the denial to the regional level within the time allowed. (Resp. at 6-7.) The appeal was denied and closed by the regional director on August 14, 2007. (Resp. at 7.) In the regional director's response to Mr. Barner's appeal, Applicant was instructed that if he was not satisfied with the response he should appeal to the Office of the General Counsel within thirty days of the date of the response. (Resp. at 7.) Mr. Barner waited until May 15, 2008, eight months later, to appeal to the general counsel, and as a result the appeal was rejected as untimely, on May 22, 2008. (Resp. at 7 and Attach. 2.) Mr. Barner also attempted to file his administrative remedy request again with the regional office, but the request was rejected as untimely, on June 23, 2008. (Resp. at 7 and Attach. 2.)

Mr. Barner's claim that he is unable to complete the administrative remedy process is belied by the evidence submitted by Respondent. Mr. Barner has received a response from both the general counsel and the regional director regarding the disposition of his administrative remedy request. Mr. Barner failed to follow the proper procedures for exhausting his administrative remedies, and as a result he did not receive a response on the merits of his claim from the general counsel. Nothing in the Response indicates that Mr. Barner is not able to start the process again by filing an administrative remedy request with the warden. The Court, however, will refrain from addressing whether Mr. Barner's claim may be procedurally defaulted.

Mr. Barner's irreparable harm claims lack merit. He fails to assert how his denial of detention credits is related to his participation in a drug substance abuse program under 18 U.S.C. § 3621(b). Furthermore, Mr. Barner was convicted and sentenced in April 2007 to a 100-month sentence. Respondent asserts that Mr. Barner has a projected release date of May 19, 2013, via good conduct time release. (Resp. at Attach. 1.) Even if Mr. Barner were given credit for the fifteen months and sixteen days, to which he claims he is entitled, he would not be eligible for release until 2013. Mr. Barner fails to assert irreparable harm in his continued incarceration and his current inability to participate in a substance abuse treatment program.

For the above-stated reasons, the Court finds that Mr. Barner fails to demonstrate that exhausting his administrative remedies would be futile. Mr. Barner may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 9 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01764-BNB

Jason Barner
Reg. No. 31453-031
FCI - Florence
PO Box 6000
Florence, CO 81226

Paul Farley
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  12/9/08 

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk